NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BORIS F.W. BECKER, | : | |
| Plaintiff, | : | Civ. No. 06-1599 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| MICHAEL CHERTOFF, et al., | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendants Michael Chertoff, Emilio T. Gonzalez, Andrea Quarantillo, and Robert S. Mueller, III, ("Defendants") to dismiss plaintiff Boris F.W. Becker's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will grant Defendants' motion.

**I. BACKGROUND**

On December 22, 2003, Plaintiff filed his N-400 naturalization application. (Complaint ("Compl.") at 4.) At the time of filing, Plaintiff was a citizen of Germany and a lawful permanent resident of the United States since March 14, 1999. (Compl. at 2.) He was fingerprinted by Defendants on February 4, 2004. (Compl. at 4.) He was interviewed on his N-

400 application on November 18, 2004, at the Philadelphia, PA, office of the United States Citizenship and Immigration Services of the Department of Homeland Security ("USCIS") and was notified then that he passed the English language, history, and government tests, that he met the residency requirements, and other eligibility requirements. (Compl. at 4.)

Plaintiff filed the Complaint under 8 U.S.C. § 1447(b) on April 6, 2006, claiming that Defendants had exceeded the prescribed time to administer him the oath of citizenship and issue him a Certificate of Naturalization. (Compl. at 1.) Plaintiff was naturalized as a United States citizen on June 9, 2006. (See Declaration of J. Andrew Ruymann at Exhibit 1.) On July 17, 2006, Defendants filed the instant motion to dismiss Plaintiff's Complaint.

**II. DISCUSSION**

A. Standard of Review for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's "authority or competence to hear and decide the case before it." 5B CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1350 (2004); see also Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885-86 (3d Cir. 1997). In the absence of subject matter jurisdiction, this Court is without power to hear the case. Unlike state courts, the federal courts are courts of limited jurisdiction. The party asserting jurisdiction bears the burden of demonstrating in the record that jurisdiction is proper. Packard v. Provident Nat'l Bank, N.A., 994 F.2d 1039, 1045 (3d Cir. 1993). Moreover, the Court is obligated to examine the issue of subject matter jurisdiction even if the parties concede the existence of jurisdiction. See Pa. Nurses Ass'n v. Pa. State Educ. Ass'n, 90 F.3d 797, 801 (3d Cir. 1996) (citations

omitted).  In making its determination, the Court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction, and may make factual findings when necessary to the extent that there are disputes of fact. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

There are two types of Rule 12(b)(1) motions:  those that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact, quite apart from any pleading.  Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999) (citations omitted).  Under a facial attack, the allegations of the complaint are taken as true.  Id. (citations omitted).  In a motion attacking the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations in the complaint.  Id. (citations omitted).

      B.  Plaintiff's Claim Against Defendants Is Now Moot

Defendants claim that the Court lacks subject matter jurisdiction over this matter because Plaintiff became a United States citizen on June 9, 2005, and the Complaint is now moot. Plaintiff initially sought relief pursuant to 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.

8 U.S.C. § 1447(b).

Here, Plaintiff was examined on November 18, 2004, in connection with his N-400 application.  His claim was not decided within the 120-day period following that examination,

and Plaintiff's April 6, 2006, request for a hearing was therefore proper under section 1447(b). However, Plaintiff's claim became moot on June 9, 2006, when he became a United States citizen and the issue was therefore "determined." Consequently, the Court will grant Defendants' motion to dismiss Plaintiff's claim against Defendants pursuant to Rule 12(b)(1).

### III.  CONCLUSION

For the above reasons, Defendants' motion to dismiss is granted. An appropriate form of order is filed herewith.

Dated:  July 25, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.